# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION<br>d/b/a U.S. BANK EQUIPMENT<br>FINANCE, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | Civil No. 3:23-CV-2187-K |
| v. | §<br>§ | |
| TRUFICIENT ENERGY SOLUTIONS<br>LLC, | §<br>§<br>§ | |
| Defendant. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff U.S. Bank National Association d/b/a U.S. Bank Equipment Finance's Motion for Default Judgment (the "Motion") (Doc. No. 13). The Court has carefully considered the Motion, the supporting evidence (Doc. No. 13-1), the Complaint (Doc. No. 1), and the applicable law. For the following reasons, the Court **GRANTS** the Motion **only as to liability** on the breach of contract claim (Count I), Plaintiff's costs, and that Plaintiff is entitled to recover its attorneys' fees at a reasonable rate. The Court requires further briefing and documentation to determine the amount of damages to award Plaintiff for the breach of contract, the amount of reasonable attorneys' fees, and whether the undersigned may issue the requested order of possession and the order of seizure as requested pursuant to New York law. Therefore, the Court **defers** making those determinations until Plaintiff files its supplemental briefing.

1

I.      **Background**

Plaintiff filed this suit in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), against Defendant Truficient Energy Solutions LLC, alleging Defendant failed to satisfy its payment obligations due under the Equipment Finance Agreement (the "Agreement"). Doc. No. 1 at 2.  The Agreement, which was "non-cancelable and irrevocable," was entered into between Defendant and non-party Arrow Capital Solutions, Inc. ("Arrow").  *Id.*    Defendant financed the following equipment pursuant to the Agreement:  one (1) Kyocera 5052 CI with Serial No. W2H6Y01690; one (1) Kyocera 4052 CI with Serial No. VFF7X01457; one (1) EFI printing system; one (1) fax system; one (1) document processor; one (1) sequence impose; one (1) productivity package; one (1) CPs v4 software; one (1) CPS v4-es 2000 support; one (1) internet fax kit; and one (1) print system 15 interface kit (collectively, the "Equipment").  *Id.*  Defendant granted Arrow a security interest in the Equipment which Arrow perfected.  *Id.*  Under the Agreement, Defendant promised to make sixty monthly payments of $2,334.98.  *Id.*  At some point thereafter, Plaintiff and Arrow entered into a Master Sale Agreement (the "MSA") and subsequent amendments by which Arrow assigned to Plaintiff all rights, title, and interest in the Equipment and the Agreement with Defendant.  *Id.* at 2-3.

Defendant defaulted on the Agreement by failing to make timely payments due thereunder.  *Id.* at 3. By the Agreement's terms, Defendant's default triggered acceleration of all payments due and owing, discounted to present value at a rate of

2%, and the return of all the Equipment. *Id.* at 3. Plaintiff demanded both payment and the Equipment's return, but Defendant did not comply. *Id.*

Plaintiff filed this lawsuit on October 3, 2023. *See generally id.* On October 12, 2023, Plaintiff properly served Defendant by delivering a copy of the summons and Plaintiff's Original Complaint to Defendant's registered agent. Doc. No. 9 (Return of Service); *see also* Doc. No. 13-1 at 1. Defendant failed to answer or otherwise respond, and Defendant has not indicated in any way its intent to defend against this action within the time required by the law. On Plaintiff's application, the Clerk entered default against Defendant. Doc. Nos. 11 & 12. Plaintiff thereafter filed this Motion. Defendant did not respond and the Motion is ripe for determination.

## II.    Legal Standards

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). In the Fifth Circuit, there are three steps to securing a default judgment: (1) default by the defendant; (2) the clerk's entry of default; and (3) the district court's entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A plaintiff moving for entry of a default judgment must establish that: (1) the defendant was served with the summons and complaint and that default was entered for its failure to appear; (2) the defendant is neither a minor nor an

incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing Fed. R. Civ. P. 55 and *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). The plaintiff must also make a *prima facie* showing that there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

A court may enter default judgment against a defendant and determine damages without the conducting an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## III.   Analysis

The Court finds, as a threshold matter, that Plaintiff made a *prima facie* showing that the Court may exercise its diversity jurisdiction over this matter. Plaintiff is a citizen of Ohio and Defendant, which is a limited liability company ("LLC"), is a citizen of Texas as determined by the citizenship of its sole member. *See* Doc. No. 1 at 1-2. Further, the Court finds that it may exercise personal jurisdiction over the parties as well. Defendant is an LLC organized under the laws of Texas with its

4

principal place of business located at 808 Business Pkwy., Richardson, Texas 75081 and, therefore, "is fairly regarded as at home" in Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 118-19, 137 (2014) (Supreme Court applied the corporation paradigm forum for general jurisdiction—place of incorporation and principal place of business— to an LLC in assessing whether the LLC was subject to general jurisdiction in that forum); *see* Doc. No. 1 at 1.

A.       **Default Judgment is Procedurally Warranted**

The prerequisite elements for entering a default judgment are met.  Defendant is an LLC; therefore, it is neither a minor nor an incompetent person, nor can it be in the military service. *See Arch Ins. Co.*, 2013 WL 145502, at *3 (citing Fed. R. Civ. P. 55(b)(2) and 50 App. U.S.C. § 521(a),(b)(1)(A)-(B)).  Defendant was served with summons and a copy of the Complaint on October 12, 2023.  Doc. No. 9.  Despite being properly served, Defendant did not file a responsive pleadings and has not otherwise appeared in this matter.  The Clerk entered default against Defendant on November 21, 2023.  Doc. No. 12.

In determining whether to enter default judgment against Defendant, the Court also considered other relevant factors which include: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch Ins. Co.*,

2013 WL 145502, at *3 (citing *Lindsey*, 161 F.3d at 893).  The Court concludes that default judgment is procedurally warranted here.  Because Defendant defaulted, the Court takes as true Plaintiff's well-pleaded allegations and, so, there are no material facts at issue.  *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  There is no substantial prejudice to Defendant because it was properly served, the basis for default was clearly established, and the Clerk properly entered default against it.  *See Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, Civ. Action No. 3:16-CV-1889-M, 2017 WL 373478, at *2 (N.D. Tex. 2017)(Lynn, C.J.). Indeed, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests."  *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011).  There is nothing before the Court suggesting that Defendant's default was the result of a good faith mistake or excusable neglect.  Further, Defendant has had more than eight months to answer or respond to Plaintiff's Complaint and more than six months to respond to this Motion for default judgment, "which mitigates the harshness of a default judgment."  *Joe Hand*, 2017 WL 373478, at *2; *see id.* ("Entering default judgment against [the defendants], who have taken no action to respond to this action, is not 'harsh.'").  Finally, on this record, the Court is not aware of any "good cause" that exists which would require the Court to set aside the default on a motion by Defendant.  *H&G Contractors*, 2011 WL 4738197, at *3.

**B.     Pleadings Present Sufficient Basis for Default Judgment**

The Court also finds that the pleadings sufficiently support a default judgment on Defendant's liability for breach of contract. *See Nishimatsu Constr.*, 515 F.2d at 1206. In making this determination, the Court analyzed Plaintiff's Complaint under the pleading standard of Federal Rule of Civil Procedure 8(a)(2). *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (instructing that, in determining whether a pleading is "well-pleaded" or "sufficient" for purposes of default judgment, the court "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint."). Plaintiff's factual allegations "need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although Plaintiff is not required to plead "detailed factual allegations", Plaintiff must plead something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Agreement is governed by the laws of the State of New York. Doc. No. 1-1 at 2, ¶ 11. When the federal court sits in diversity jurisdiction, it must apply the choice of law rules of the forum state. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003). Under the "party autonomy rule", Texas law generally gives effect to the parties' agreement to be governed by another state's law. *See Realogy*

*Holdings Corp. v. Jongebloed*, 957 F.3d 523, 532 (5th Cir. 2020) (citing *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324 (Tex. 2014)).  There is nothing before the Court indicating this choice of law provision is not enforceable.  Therefore, the Court applies New York law in determining the sufficiency of Plaintiff's pleadings to state a claim for breach of contract.

Under New York law, the plaintiff must show the following to recover for breach of contract:  "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Keybank Nat'l Assoc. v. Nour Limo, Inc.*, 345 F.R.D. 555, 562-63 (E.D.N.Y. 2024) (quoting *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2nd Cir. 2011)).  Because it did not appear or respond to Plaintiff's Complaint, Defendant has not contested any factual allegations in the Complaint and, by its default, admits as true Plaintiff's well-pleaded allegations.  *See Nishimatsu Constr.*, 515 F.2d at 1206. Plaintiff's Complaint provides a sufficient basis for a default judgment on this claim. Plaintiff alleges that the Agreement constitutes a valid and enforceable contract between Arrow and Defendant, and Arrow assigned all rights, title, and interest in the Equipment and the Agreement with Defendant to Plaintiff in the MSA.  Doc. No. 1 at ¶ 19; *see id.* at ¶¶ 6-9.  Plaintiff attached the Agreement and the MSA to the Complaint. Doc. Nos. 1-1 & 1-3.  Next, Plaintiff alleges that it (by assignment from Arrow) performed its obligations under the Agreement by providing financing for the

Equipment which Defendant has in its possession. *Id.* at ¶¶ 6, 15. Further, Defendant breached the Agreement by failing to make its 60 monthly payments as required by the Agreement which resulted in acceleration of all future payments (discounted to present value at a rate of 2%) and required the return of all Equipment. *Id.* at ¶¶ 7, 10, 11, 20. Finally, Plaintiff alleges that it suffered damages caused by Defendant's breach, (amounting to $113,862.82), the return of the Equipment, plus attorneys' fees and costs which are recoverable under the Agreement. *Id.* at ¶¶ 13, 21. Accepting Plaintiff's factual allegations as true, the Court finds there is sufficient basis in the pleadings for a default judgment on Defendant's liability for the breach of contract claim. *See MMP Cap., Inc. v. Punyakam, PLLC*, 2022 WL 1750434, at *5 (E.D.N.Y. Apr. 5, 2022) (on motion for default judgment, district court found plaintiff's well-pleaded allegations and attached contracts supported claim for breach of contract to finance medical equipment where defendant contractually agreed to make 60 monthly installment payments, defendant received the medical equipment that plaintiff fully financed, defendant failed to make payments after 6 months which resulted in an accelerated balance plus interest and late charges); *see also Keybank*, 345 F.R.D. at 563.

### C. Damages Sought on Default Judgment

Plaintiff asks the Court to award the following damages in the default judgment: (1) actual damages of $113,862.82; (2) attorneys' fees of $3,921.40; (3) costs; and (4) an order of possession of and an order of seizure of the Equipment.

1.      **Attorneys' Fees and Costs**

"The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claim." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (internal quotations omitted) (*Exxon Corp. v. Burglin*, 4 F.3d 1294, 1301 (5th Cir. 1993)); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (in diversity cases, state law "controls both the award of and the reasonableness of the [attorneys'] fees awarded."). "Pursuant to New York law, a contractual provision awarding reasonable attorneys' fees to the prevailing party is enforceable 'if the contractual language is sufficiently clear.'" *MMP Cap.*, 2022 WL 1750434, at *8 (quoting *LG Cap. Funding, LLC v. Wowio, Inc.*, 2018 WL 3202077, at *10 (E.D.N.Y. Apr. 24, 2018), *report and recommendation adopted by* 2018 WL 2224991 (E.D.N.Y. May 15, 2018)).   Here, the unambiguous language of the Agreement provides that that Defendant "shall . . . (v) pay when due or reimburse Originator [Arrow] or its Assignee [Plaintiff] on demand for all costs of collection of any of the Payments and all other out-of-pocket expenses (including in each case all reasonable attorneys' fees) incurred by Originator or its Assignee, including expenses incurred in any litigation[.]" Doc. No. 1-1 at 1, ¶ 7. "Provisions or stipulations in contracts for payment of attorney's fees in the event it is necessary to resort to aid of counsel for enforcement or collection are valid and enforceable." *Greystone Equip. Fin. Corp. v. Motion Imaging, Inc.*, 910 N.Y.S.2d 405, 2010 WL 1655454, at *8 (N.Y. Sup. 2010). Thus, as the prevailing party on its breach of contract claim, Plaintiff is entitled to the

10

reasonable amount of attorneys' fees incurred which are "supported by contemporaneous time records specifying the date, amount of hours, and nature of the work performed." *MMP Cap.*, 2022 WL 1750434, at *8. The court assesses the reasonableness of the fees according to the prevailing market rate in the district in which the court sits. *Id.*

Plaintiff provided the sworn affidavit of its counsel Jessica Alt regarding the reasonableness of her hourly rate of $275.00 as well as billing records identifying the number of hours worked and the date on which the work was performed, as well as a description of the work performed. Doc. No. 13-3. However, Plaintiff does not seek to recover only the attorney's fees attributable to Ms. Alt. The total amount requested includes amounts billed by other individuals (designated as "users" on the billing records) for the work they performed. *See* Doc. No. 13-3. Ms. Alt's affidavit does not identify these other "users" (identified by their initials) and whether they are attorneys or paralegals, and she does she discuss the hourly rate for anyone other than herself. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). On this record, the Court cannot determine that the total fees requested are reasonable. *See Greystone Equip.*, 2010 WL 1655454, at *8 ("In making an award of attorney's fees, the court

must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered.").

In addition to its attorneys' fees, Plaintiff also seeks to recover its costs of $523.90, for the filing fee ($402.00) and service fee ($121.90).  As the prevailing party on its breach of contract claim, Plaintiff "is entitled to the amount actually incurred as long as the amount is not unreasonable."  *MMP Cap.*, 2022 WL 1750434, at *8.   The Court finds these costs are sufficiently documented, *see* Doc. No. 13-3 at 4, and are not unreasonable.   Therefore, the Court will award these costs ($523.90) in the default judgment.

The Court finds that Plaintiff is entitled to recover its reasonable attorneys' fees pursuant to the clear language of the Agreement, but Plaintiff must provide supplemental documentation establishing each person's qualifications and experience so that the Court can determine the reasonableness of the attorneys' fees award.  *See MPP Cap.*, 2022 WL 1750434, at *9.   The Court will allow Plaintiff to file supplemental briefing and documentation on this issue.

### 2.    Actual Damages

On this record, the Court cannot determine by mathematical calculation the amount of actual damages to award on default judgment.  *See PNC Equip. Fin., LLC v. Lewis*, Civ. Action No. 3:13-CV-3774-B; 2015 WL 5520882, at *4 (N.D. Tex. Sept. 18, 2015)(Boyle, J.).  Plaintiff provides the sworn affidavit of Terrica Vorvick, Officer and Loss Mitigation Specialist for Plaintiff, (the "Affidavit") in support of its Motion.

Doc. No. 13-2.   In the Affidavit, Terrica Vorvick identifies the monthly payments Defendant was obligated to make, that "Defendant failed to make timely payments due under the Agreement," and that "[t]he accelerated balance discounted to present value at a rate of two percent (2%) owed by Defendant to Plaintiff under the Agreement is $113,862.82, which includes applicable late charges."  *Id.* at 2.   The amount identified in the Affidavit is the same amount requested in Plaintiff's Complaint. However, Plaintiff has not sufficiently proven up this amount.  For instance, Plaintiff does not identify how many payments Defendant failed to make (timely or otherwise), there is no documentation (*e.g.*, invoices or Defendant's payment history) to support how Plaintiff arrived at this amount, and this amount is not apparent from the face of the Agreement.  *But see MMP Cap.*, 2022 WL 1750434, at *8 (in discussing the damages awarded, district court cited the plaintiff's evidence which included a calculation spreadsheet (explaining the total amount due), a spreadsheet of "rejected payments" which identified when defendant stopped making payments, and the amount due under the contract when the defendant stopped making payments thereby accelerating all future payments).

A hearing is not necessary for the Court to award damages when the amount of damages and/or costs are "one capable of mathematical calculation" meaning the amount can "be computed with certainty by reference to the pleadings and supporting documents alone[.]"  *James v. Frame*, 6 F.3d 307, 310 & 311 (5th Cir. 1993) (internal quotations omitted) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th

Cir. 1979) then *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992)); *see Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (if the plaintiff's allegations are well-pleaded, "the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible [to] mathematical computation."); *see also Credit Lyonnaise Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (the amount of damages awarded, if any, must be ascertained "with reasonable certainty."). While the Court does not believe a hearing is required here, Plaintiff's current briefing and documentation does not permit the Court to calculate with certainty a damages amount to award. As with the attorneys' fees, the Court will permit Plaintiff to file supplemental briefing and documentation.

### 3.    Order of Possession and Order of Seizure

In its Complaint, Plaintiff also seeks an order of possession under CPLR § 2701 and Federal Rule of Civil Procedure 64 and also an order of seizure under CPLR § 7102. Doc. No. 1 at 4-5. In permitting a court to order seizure of property, Rule 64 explicitly states that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). This Court is not convinced that the choice of law provision in the Agreement, which governs the substantive claim for breach of contract, permits the undersigned, sitting in Texas, to issue an order of seizure or an order of possession pursuant to New York statutory law. The Court's doubts are further magnified when considering the fact that the Equipment is almost certainly

14

located in Texas.  Doc. No. 1 at 1-2 (Defendant's principal place of business is located in Richardson, Texas, and its sole member is domiciled in Texas).

Plaintiff may file supplemental briefing on this relief with supporting legal authority.  If Plaintiff maintains that New York law applies to this relief, it shall ensure that it has complied with all statutory requirements.  *See, e.g.,* CPLR § 7102(c) (an application for order of seizure must be supported by an affidavit which includes specific statements).

## IV.    Conclusion

For the reasons stated, the Court **GRANTS** Plaintiff's Motion for Default Judgment **ONLY as to liability** on the breach of contract claim (Count I), Plaintiff's costs of $523.90, and Plaintiff's right to recover its attorneys' fees at a reasonable rate. The Court **defers** the determination of the damages amount and reasonable attorneys' fees Plaintiff will be awarded until supplemental briefing and documentation is received.   The Court **defers** any determination regarding the order of possession and the order of seizure until Plaintiff files its supplemental briefing.  For these reasons, the Court will refrain from entering the default judgment.

Plaintiff may file said briefing and documentation, in accordance with this Order, **by August 30, 2024**. If Plaintiff fails to file any further briefing or documentation, the Court will enter the default judgment on liability as to the breach of contract claim and award Plaintiff its costs and the attorney's fees for Ms. Alt that the Court determines to be at a reasonable rate.

15

There appears to be no further reason at this time to maintain the file as open for statistical purposes. The Clerk is, therefore, instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this Order shall be considered a dismissal or disposition of this case, and should further proceedings become necessary or desirable, any party or the Court may initiate such further proceedings in the same manner as if this Order had not been entered.

**SO ORDERED.**

Signed July 22, 2024.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

16